**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 95-5626

NATHANIEL HOOVER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-94-137)

Argued: April 10, 1998

Decided: May 27, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
CHAMBERS, United States District Judge for the
Southern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Eric David Placke, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant. Kenneth Michel Smith,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender,
John Stuart Bruce, Deputy Federal Public Defender, Greensboro,

North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nathaniel Hoover appeals his convictions for carjacking, see 18 U.S.C. § 2119 (Supp. IV 1993), using or carrying a firearm during and in relation to a crime of violence, see 18 U.S.C.A. § 924(c)(1) (West Supp. 1998), and being a felon in possession of a firearm, see 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). Hoover argues primarily that the district court erred in failing to conduct a hearing outside the presence of the jury regarding the voluntariness of his confession and in admitting evidence in violation of Federal Rule of Evidence 404(b). Finding no reversible error, we affirm.

I.

On the evening of August 13, 1993, Hoover and an accomplice, Arthur Torrence McIlwaine, accosted David Wayne Charlton as he obtained money from an automated teller machine (ATM) in Charlotte, North Carolina. McIlwaine robbed Charlton of his ATM card and wallet, forced him to divulge his personal identification number, and retrieved money from the ATM. Hoover, who was armed with a .380 pistol, then forced Charlton to the ground. Hoover and McIlwaine subsequently drove away in Charlton's automobile and used the ATM card to obtain additional funds from various locations. On August 15, Charlotte police officer Michael Tommy Mauldin observed the stolen vehicle and questioned its driver, Darryl Donnell Murray. Murray informed Officer Mauldin that he had gotten the automobile from McIlwaine. Murray further related that McIlwaine stated that he and Hoover had stolen it from the owner.

2

Almost one year later, Special Agent Brian Roepe of the Federal Bureau of Investigation (FBI) contacted Hoover and requested to speak with him regarding the alleged carjacking. When Hoover arrived for the interview, agents informed him that he was not under arrest and was free to leave at any time. After the agents stated that they believed he was involved in the offense, Hoover confessed.

II.

In appealing his convictions, Hoover first maintains that the district court erred in failing to conduct a hearing outside the presence of the jury concerning the voluntariness of his confession. See 18 U.S.C.A. § 3501(a) (West 1985). We conclude that Hoover waived his right to a hearing on the voluntariness of his confession and failed to show cause to excuse the waiver.

Section 3501(a) provides that prior to the admission of a confession into evidence, "the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness." Id. Despite this seemingly mandatory statutory command, this court has held that § 3501(a) does not require a district court, sua sponte, to hold a hearing on voluntariness. See United States v. Wilson, 895 F.2d 168, 173 (4th Cir. 1990) (per curiam). Rather, the onus rests on the defendant to raise the issue in a timely fashion. See United States v. Miller , 987 F.2d 1462, 1464 (10th Cir. 1993). In order to do so, a defendant must challenge the voluntariness of the confession prior to trial. See id. at 1464-65 (holding that defendant who did not challenge the voluntariness of a confession until the fourth day of trial after the confession had been admitted had waived the right to a hearing under § 3501(a)); Wilson, 895 F.2d at 173 (ruling that a request for a hearing on the voluntariness of a confession on the day of trial was untimely); see also Fed. R. Crim. P. 12(b)(3) (providing that motions to suppress evidence must be made prior to trial).

Here, Hoover raised no challenge to the voluntariness of his confession until the midst of trial. He therefore waived the issue by presenting it to the district court in an untimely fashion. Moreover, because Hoover offered no cause for the lateness of the objection, he was not entitled to relief from the waiver. See Fed. R. Crim. P. 12(f); see also Wilson, 895 F.2d at 173 (observing that "[t]he district court

3

should grant relief [from a waiver] only if there is a showing of cause for the noncompliance and a showing of resulting prejudice"). Accordingly, Hoover cannot now claim that the district court erred in failing to conduct a hearing in accordance with§ 3501(a).

III.

During trial, the Government elicited testimony from McIlwaine that earlier in the evening, he and Hoover had attempted to collect a debt from a mutual acquaintance, John Hallman. When Hallman refused to pay, McIlwaine shot him with Hoover's firearm. In response to Hoover's objection to this testimony, the Government asserted that the testimony was offered only to show that Hoover's weapon was operable. The district court then instructed the jury that McIlwaine's testimony regarding the shooting of Hallman was "admissible solely for the purpose of establishing, if you find that it does, the .380 pistol this man described indeed operated as a firearm is designed to operate and is not admissible for any other purpose." J.A. 76 (emphasis added). Hoover now argues that the district court erred in admitting this evidence. See Fed. R. Evid. 404(b).

Subject to the general limitations of relevance and prejudice, Rule 404(b) permits the admission of evidence of prior crimes, wrongs, or acts of the defendant unless "offered to prove`the character of a person in order to show action in conformity therewith.'" United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 404(b)), cert. denied, ___ U.S.L.W. ___ (U.S. Apr. 27, 1998) (No. 97-8487); see id. at 994-95 (recognizing that Rule 404(b) is "a rule of inclusion"). In order to be admissible, evidence of a prior act must be relevant to an issue other than character; necessary to establish an essential part of the offense or the context of the offense; and reliable. See United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995); see also Queen, 132 F.3d at 995.

Assuming without deciding that the district court erred in admitting the challenged testimony, any error was harmless. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (noting that erroneous evidentiary rulings are subject to review for harmlessness under Federal Rule of Criminal Procedure 52). In the first place, there was overwhelming evidence of Hoover's guilt, including his own confession.

4

See United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995) (holding erroneous evidentiary ruling harmless when "a wealth of testimony" established the defendant's guilt). Moreover, immediately following McIlwaine's testimony regarding the shooting, the district court issued a clear limiting instruction that the jury was not to consider the testimony for any purpose other than establishing the operable condition of the firearm. See United States v. Love , 134 F.3d 595, 603 (4th Cir. 1998) (basing determination that evidentiary error was harmless on the issuance of a limiting instruction by the district court and observing that "[w]e generally presume that a jury will follow cautionary instructions regarding potentially prejudicial evidence"). Under these circumstances, we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Brooks, 111 F.3d at 371 (internal quotation marks omitted).

IV.

In sum, we conclude that Hoover waived his right to a hearing outside the presence of the jury regarding the voluntariness of his confession and that the admission of evidence that McIlwaine shot an individual with Hoover's firearm, if erroneous, was harmless.* Accordingly, we affirm.

AFFIRMED

_____
*We have carefully examined Hoover's other allegations of error and find them to be without merit.

5